IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| ACCUFORM MANUFACTURING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 8:19-CV-02220-VMC-AEP |
| | ) |
| NATIONAL MARKER COMPANY, BRADFORD MONTGOMERY, PETER BLONIARZ, JOHN DONATI, and REBECCA LONGO, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Accuform Manufacturing, Inc. ("Plaintiff"), files this Supplemental Memorandum of Law in Support of its Second Motion to Compel Production of Documents from Defendants Bradford Montgomery, Peter Bloniarz, John Donati, Rebecca Longo (collectively, the "Individual Defendants"), and National Marker Company ("National Marker" and collectively with the Individual Defendants, "Defendants").

**INTRODUCTION**

This memorandum relates to the documents that the Court currently is reviewing *in camera* on the issue of Defendant Mr. Montgomery's involvement in product development at National Marker. This Court already has ordered Defendants to produce documents relating to three product categories that Mr. Montgomery has admitted to assisting National Marker to develop in competition with Accuform – Tags by the Roll, 5S shadow boards, and LED Light projector signs. However, National Marker vigorously objected to any broader discovery than these three specific product categories they had chosen to disclose in this litigation, and the Court

agreed to allow National Marker to submit documents regarding other product categories for *in camera* review. Defendants repeatedly have asserted that National Marker's products and customers substantially overlap with Accuform's, and it is undisputed that they are direct competitors in the same market. Therefore, by definition, any documents relating to Mr. Montgomery's product development work for National Marker in his first year of employment would be relevant discovery to determine the extent to which he misused his knowledge as Accuform's former Vice President of Marketing to help National Marker compete with Accuform.

In order to assist with the Court's review of these documents and determine their relevance, Accuform's counsel sent the Court a letter on April 3, 2020, providing a list of product names. These are a subset of only some of the key product categories in which Accuform and National Marker compete directly and are the product names, apart from the products the Court already has ordered produced, for which Mr. Montgomery would most readily have had the opportunity to misappropriate Accuform confidential business information for the benefit of National Marker. Any documents in the *in camera* review set that relate to Mr. Montgomery's contribution to product development by National Marker in these product categories are relevant to Accuform's claims because they would show Mr. Montgomery using or disclosing Accuform's confidential product development information in order to give National Marker a competitive advantage.

The only way for Accuform to know the full extent to which Mr. Montgomery revealed Accuform confidential information about Accuform products, other than those categories he already had admitted to working on, is to have discovery about his work at National Marker involving these additional product categories. Defendants' counsel has informed Accuform's

counsel they do not agree that these additional product names are relevant to the dispute, and the parties have been unable to reach agreement. Accuform therefore submits this supplemental memorandum in support of its Second Motion to Compel and respectfully requests the court use the product terms identified in its April 3, 2020 letter in its *in camera* review, and order the production of documents showing Mr. Montgomery's involvement in the development of any of those additional product categories.

## SUPPORTING MEMORANDUM OF LAW

**I.  BACKGROUND**

Accuform served its initial Requests for Production of Documents and Interrogatories on each of the named Defendants pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure on November 11 and 13, 2019 respectively. Defendants in turn served their Responses to Requests for Production of Documents and Answers to Interrogatories on December 11 and 13, 2019 respectively. Several of Accuform's first requests for production sought discovery on the Individual Defendants' involvement in product development at National Marker.[1] The parties agreed to limit the requests to documents involving Mr. Montgomery, but otherwise were unable to reach agreement on the scope of what products should be included in discovery. After meeting and conferring on these and other requests with Defendants, Accuform ultimately filed its Second Motion to Compel which, in relevant part, asked the Court to compel the production of documents related to the Individual Defendants involvement in product development. [Dkt. 93 at 4-5].

At the March 3, 2020 hearing on Accuform's Second Motion to Compel, the Court granted Accuform's request with respect to three product categories that Mr. Montgomery already had

---

[1] The specific requests at issue are Accuform's Request for Production No. 27 to the Individual Defendants and Request for Production No. 35 to National Marker. The language of the requests are laid out in Accuform's Second Motion to Compel, Dkt 93 at 4-5. The copies of the requests are attached to the Second Motion to Compel at Exhibit A. See Dkt. 93, Ex A.

3

admitted to being involved in development with at National Marker. See Dkt. 114.[2] The Court also ordered Defendants to provide documents related to Defendant National Marker's product development for any other products for *in camera* inspection, so that the Court could determine whether or not to compel their production as part of the Court's ruling on Accuform's Second Motion to Compel. See Dkt. 188, Ex. A, March 3, 2020 Hearing Transcript at 15:18-25, 16:1-9. Defendants submitted those documents to the Court on March 20, 2020. The Court also invited Accuform to submit to the Court any list of specific suggested terms or products for the Court to look for during its *in camera* review. Accuform's counsel submitted this list of additional suggested product names via letter to the court on April 3, 2020. The products in the April 3, 2020 letter represent those products that would be most directly competitive between Accuform and National Marker, and the products Mr. Montgomery would be most likely to have confidential information about.

On May 5, 2020, at the initial hearing on Accuform's Motion to Modify Preliminary Injunction and for Partially dispositive Sanctions, [Dkt. 126], the parties briefly discussed the outstanding issues related to the Court's *in camera* review. During the hearing, the Court noted that one of the allegations against Mr. Montgomery is that he "was instrumental at Accuform in the developments of new products and the launching of new products" and was "using that information for new product development at National Marker." See Exhibit A, May 5, 2020 hearing transcript 66:19-25. The Court then indicated that, based on these allegations, documents and information related to Mr. Montgomery's product development at National Marker would meet the threshold relevance requirement under Federal Rule of Civil Procedure 26. *Id.* at 67:2-3. However, the Court stated that it was looking to prevent disclosure of National Marker product

---

[2] Those product categories were Tags by the Roll, 5S Shadow board, and LED Light Projector Sign.

development that is not related to or is completely independent of Accuform. The Court also indicated it had specific questions about documents and that it would first conduct an *ex parte* conference with Defendants' counsel to resolve those questions. *Id.* at 67:24-25; 68:1-7.

On May 11, 2020, Defense counsel emailed Accuform's counsel indicating that the Court had conducted the ex parte proceeding and directed the parties to meet and confer regarding the additional terms Accuform submitted for in camera inspection, and attempt to resolve any disagreement over why documents containing those search terms are relevant.

The parties met and conferred on May 12, 2020, and Defense counsel informed Accuform's counsel that it was objecting to the additional product search terms Accuform had provided. National Marker apparently contends the additional products are not relevant. Accuform's counsel maintained that the terms are relevant because they represent Accuform products about which Mr. Montgomery would have confidential information, including, for example, marketing strategies, launch schedules, or product features and specifications. In other words, discovery into Mr. Montgomery's involvement in product development for those products is relevant because it may reveal Mr. Montgomery used or disclosed confidential information about Accuform product development. The parties were unable to resolve their disagreement.

## II.   ARGUMENT

### A.   Legal Standard

A party may obtain discovery about any non-privileged matter relevant to any party's claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable" and "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Zurich Am. Ins. Co. v. Hardin*, No. 8:14-cv-775-T-23AAS, 2019 WL 3082608, at *3

(M.D. Fla. July 15, 2019) (quoting Fed. R. Civ. P. 26(b)(1) and *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The movant has the initial burden of proving the requested discovery is relevant and proportional. *Bortolotti v. Gracepoint*, No. 8:19-cv-1072-T-24AAS, 2019 WL 6173173, at *1 (M.D. Fla. Nov. 20, 2019). The respondent must then *specifically* show how the requested discovery is unreasonable or unduly burdensome. *Id.* (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985)).

> **B. Defendants' Refusal to Produce Documents Related to the Individual Defendants' Involvement in Product Development at National Marker.**

Accuform already has successfully moved to compel on its document requests related to Mr. Montgomery's involvement in product development at National Marker. [Dkt. 114] The sole issue remaining for the Court is the scope of *what* products are covered by these requests. In addition to the three product categories the Court has already granted, Accuform has submitted a list of additional product names that should be included in the scope of the requests.

As discussed in Accuform's Second Motion to Compel, Defendants' proposal to limit the scope of these requests to only those three product categories to which Mr. Montgomery has admitted to being involved in is unreasonable, because it improperly narrows the scope of discovery based on Defendants' unilateral and arbitrary assertions concerning disputed factual issues. See Dkt. 93 at 5-7. Mr. Montgomery has already admitted to submitting false testimony in his declarations regarding critical issues in this case around the retention and disclosure of Accuform confidential information. See Dkt. 140, at Ex. C. The Defendants should not be able to unilaterally limit discovery based on self-serving, vague, and unsworn assertions, particularly from Defendants who already have admitted to giving false, specific, material denials under oath in this case. *See Bortolotti v. Gracepoint*, No. 8:19-cv-1072-T-24AAS, 2019 WL 6173173, at *2 (M.D.

Fla. Nov. 20, 2019) ("The complaint controls what discovery is relevant and proportional to this case.").

It is simply improper for Defendants to impose a limitation on the scope of discovery based on what Mr. Montgomery chooses to admit, particularly in light of his obvious lack of candor to the Court. Indeed, the fact that Defendants submitted apparently several thousand pages of documents for *in camera* review from just his first year of work for National Marker suggests that Mr. Montgomery was deeply involved in product development for other product categories other than the ones Defendants already agreed to produce. Accuform is entitled to those additional documents to determine whether Mr. Montgomery used or disclosed any confidential Accuform information as part of those product development efforts. As the Court itself recognized, this information is relevant and meets the threshold requirement under Rule 26 for discovery. See Exhibit A at 66:19-25, 67:2-3.

Finally, Accuform notes that it is seeking production of these documents under an "Attorney's Eyes Only" designation under the parties' stipulated confidentiality agreement. See Dkt. 63, 65. Accuform understands it may be difficult for the Court to assess *in camera* whether a document relating on its face to a particular product category contains any discussion of Accuform confidential information. Accuform has sought to alleviate this issue by narrowing the documents to those containing the additional product terms, which represent the products that would be most directly competitive between Accuform and National Marker, and the products Mr. Montgomery is most likely to have confidential information about. Any further concern about overbreadth is alleviated by the fact that these documents will be produced under an "Attorney's Eyes Only" designation, and only available for Accuform's counsel to review and determine their

relevance to its claims. There is also no burden on Defendants, because the documents have already been produced *in camera.*

Accuform has thus met its burden in demonstrating that the request for these documents is relevant and proportional to the needs of the case, and Defendants cannot establish that the request is unreasonable or unduly burdensome. *Bortolotti v. Gracepoint*, No. 8:19-cv-1072-T-24AAS, 2019 WL 6173173, at *1 (M.D. Fla. Nov. 20, 2019).

**CONCLUSION**

WHEREFORE, Plaintiff requests that the Court order Defendants to produce all documents related to Defendant Montgomery's product development efforts since commencing employment at National Marker, specifically involving the additional product categories Accuform identified in its April 3, 2020 letter to the Court.

Dated: May 21, 2020.                                Respectfully submitted,

ACCUFORM MANUFACTURING, INC.

*/s/ Matthew F. Prewitt*
Matthew F. Prewitt
Lauren S. Novak
Mir Y. Ali
Sarah Angelino
*(All Admitted Pro Hac Vice)*
**SCHIFF HARDIN LLP**
233 South Wacker Drive, Ste. 7100
Chicago, Illinois 60606
(312) 258-5500 (Telephone)
(312) 258-5600 (Facsimile)
Attorneys for **ACCUFORM MANUFACTURING, INC.**

-and-

Stanford R. Solomon
ssolomon@solomonlaw.com
Florida Bar No. 302147
Laura H. Howard

lhoward@solomonlaw.com
Florida Bar No. 975397
**THE SOLOMON LAW GROUP, P.A.**
1881 West Kennedy Boulevard, Suite D
Tampa, Florida 33606-1611
(813) 225-1818 (Telephone)
(813) 225-1050 (Facsimile)

## MIDDLE DISTRICT LOCAL RULE 3.01(G) CERTIFICATION

The undersigned hereby certifies that Accuform's counsel met-and-conferred with Defendants' counsel on May 12, 2020 in a good faith effort to resolve the issues raised in the foregoing memorandum by agreement. The parties were unsuccessful in reaching agreement and the foregoing memorandum is *opposed*.

## Certificate of Service

I certify that a copy of the foregoing has been filed and served through the CM/ECF Portal to: Richard C. McCrea, Jr. [via email: mccrear@gtlaw.com], Catherine H. Molloy [via email: molloyk@gtlaw.com], and Tristan J. Reiniers [via email: reinierst@gtlaw.com], on May 21, 2020.

Respectfully submitted,

ACCUFORM MANUFACTURING, INC.

*/s/ Matthew F. Prewitt*
Matthew F. Prewitt